### No. 4071.

STATE ex rel. BOARD OF STATE ASSESSORS v. JAMES GRAHAM, State Auditor. State of Louisiana intervenor.

Where the State Assessors have delivered to the Auditor the assessment roll and received in full their compensation for their services, the contract between them and the State for making the assessment is completely executed. The obligation of the State to pay them is discharged, and it can not afterwards be revived by any use the Auditor might make of said roll.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. E. Filleul* and *John B. Howard*, for relators. *Hornor & Benedict*, for respondent. *S. Belden*, Attorney General, for State of Louisiana, intervenor.

WYLY, J. The relators filed a motion to dismiss this appeal on the consent of S. Belden, Attorney General; but before that motion was acted on, Mr. Belden's term of office expired, and his successor, the present Attorney General, withdrew the consent, as he had the right to do; the motion is therefore denied.

The State having paid the relators $114,978 65 for making the assessment of the parish of Orleans for the year 1871, is now sought to be held liable to them for $47,464; and for this amount the relators seek by mandamus to compel the Auditor to issue to them State warrants. The defense is: The relators, as State Assessors for the parish of Orleans, have received as compensation in full $114,978 65; that said sum is the total compensation to which they were entitled under existing laws; that the assessment roll, delivered to the Auditor before the close of the year 1871, after the payment of the assessors as aforesaid, became the property of the State; and the use of said roll by the Auditor as a basis upon which to levy a tax or taxes, subsequent to the deposit and payment as aforesaid, does not entitle the relators to the compensation herein demanded.

The court gave judgment for the relators, rendering the mandamus peremptory, and the defendant appeals. It is admitted that the rela-

tors received after the delivery of the assessment roll on the fifteenth of November, 1871, $114,978 65, "the total amount due at five per cent. on the face of the assessment roll."

The question is: Are the relators, after making this settlement, entitled to demand the additional compensation of five per cent. on the total amount of the "interest tax" fixed by the Auditor in January, 1872, on the assessment roll of 1871 ?

We think not. When the relators delivered to the Auditor the assessment roll and received in full compensation for their services $114,978 65, the contract between them and the State for making the assessment for the parish of Orleans for the year 1871, was fully executed. The obligation of the State to pay them was discharged ; and it could not afterwards be revived by any use the Auditor might make of said roll.

Regarding this settlement as conclusive between the parties, in the absence of fraud or error, we will not look beyond it to see whether the relators are entitled to a percentage on interest tax or not.

It is therefore ordered that the judgment herein be annulled, and it is now ordered that the mandamus be disallowed and the demand of the relators be rejected with costs of both courts.